# Rice *v.* Schloss & Kahn.

### *Action on Common Counts.*

1. *Exhibits to bill of exceptions as evidence.*—When certain orders or drafts, claimed as credits on the account sued on, are offered in evidence in the court below, and the only statement in the bill of exceptions in reference to them is, that the defendant "then offered to read in evidence to the jury the originals of which said exhibits are copies," this, without more, would not be sufficient to show that they were read in evidence to the jury; but, when the bill of exceptions further shows that witnesses for both parties testified in reference to them, as if they were in evidence before the jury, and fails to show that any objection was made to their admissibility, this court will consider them as a part of the evidence in the cause.

2. *Conclusiveness of account rendered.*—An account rendered to a debtor, and retained by him without objection within a reasonable time, becomes a stated account, and is *prima facie* correct; but the presumption as to its correctness is not conclusive.

3. *General exception to charge.*—An exception to "each and every part of the charge hereinabove set out," is a mere general exception to the entire charge; and it will avail nothing if any part of the charge is good.

4. *Proof of account.*—An account is not admissible as evidence, on the testimony of the plaintiff's clerk, or book-keeper, that it is a correct transcript from the books. The several items must be proved, or it must be shown that the account was rendered to the defendant, and by him retained so long, without objection, as to raise a presumption of its correctness, or that the parties, their clerks or book-keepers, have gone over all the items, made corrections, eliminated errors, and struck a balance.

5. *Burden of proof, as to correctness of account.*—In an action on an open account, the *onus* is on the plaintiff to establish its correctness, and not on the defendant to show mistakes, or credits to which he is entitled; and in an action on a stated account, the *onus* is on the defendant to impeach its correctness; but, where the complaint counts on both, and the evidence leaves it doubtful whether the account is open or stated, a charge which places the burden of proof on either party, without regard to the character of the account, is erroneous.

6. *Argumentative charges* are properly refused, and are reversible error if given.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

VOL. XC.

[Rice v. Schloss & Kahn.]

This action was brought by Schloss & Kahn, merchants and partners in trade, doing business in the city of Montgomery, against Mrs. Mattie J. Rice, as administratrix of the estate of her deceased husband, Dan. S. Rice; and was commenced on the 28th January, 1889. The complaint contained only the common counts, (1) for goods sold and delivered by plaintiffs to defendant's intestate during the years 1885–7, (2) on account, (3) on a stated account, (4) for money had and received, and (5) for money loaned. The cause was tried on issue joined, but the record does not show what pleas were filed. The plaintiffs' cause of action, as shown by the evidence adduced on the trial, was the balance due them by the late firm of Rice & Wilson, which was composed of said D. S. Rice and Alex. Wilson, for goods sold and delivered during the years 1885–7; the balance claimed as due on May 30th, 1887, when said Rice died, being $704. The defendant denied the correctness of this account, and insisted that several partial payments were omitted on the credit side. The jury gave the plaintiffs a verdict for the full amount claimed, with interest. Exceptions were reserved by the defendant, during the trial, to several rulings of the court on evidence, to charges given, and to the refusal of charges asked; and these rulings are here assigned as error.

MOORE & FINLEY, for appellant.

ARRINGTON & GRAHAM, contra.

McCLELLAN, J.—It has been suggested in argument, that certain papers, evidencing payments by defendant's intestate to the plaintiffs, which are made exhibits 1, 2, 3, 4, 5 and 6 to the bill of exceptions, do not appear to have been read in evidence, and hence can not be considered in reviewing the charges given and refused on the trial below. It is true that the only positive statement contained in the bill of exceptions on the point is, that " the defendant then offered to read in evidence to the jury the originals of which said exhibits ' 1 ' ' 2,' ' 3,' ' 4,' ' 5,' etc. are copies ; " and it may be conceded that, if nothing else appeared in regard to them, we could not treat them as having been before the jury. But both defendant's and plaintiffs' witnesses testify about these papers in a way that would have been inexplicable to the court or jury, had they not been in evidence ; and their exhibition to the bill of exceptions, with appropriate identification by a witness on the stand, can only be accounted for on the assumption that they were read to the jury, as no objection was made to them, no

27

ruling of the court invoked or had on their competency, and they could have been exhibited for no other purpose than as a part of the evidence in the case. We shall so consider them. Their tendency, though weak and inconclusive, was to establish credits on the account upon which the suit was brought, to the extent of their several amounts.

There was other evidence that the amounts represented by these checks, drafts, &c., which purported to have been drawn in favor of, and paid to plaintiffs, had not been credited on the account in suit, though the transactions were within the time covered by that account. Moreover, plaintiffs' witness does not appear to have very clearly explained why these drafts had no connection with the account sued on. These papers, and the oral evidence in regard to them, tended, we think, necessarily to impeach the correctness of the statement of account which was made the basis of the action, at least in such sort that it was proper for the jury to consider them. Furthermore, the witness Englehardt testified to discrepancies in plaintiffs' account of itself, and also between it and another statement of the indebtedness funished him by plaintiffs' book-keeper. It may be that none of this testimony, nor all of it together, was *sufficient* to falsify the statement of indebtedness sued on; but whether it was sufficient or not, was manifestly a question for the jury.

The court, in its general charge, instructed the jury, that " if the account, or accounts, of plaintiffs against Rice & Wilson [ Rice being defendant's intestate ], were presented to Rice & Wilson, and were retained by them, without objection, for an unreasonable time, that the law conclusively presumes that the accounts were correct. " This charge was confessedly erroneous. A reversal on account of it is sought to be avoided by an invocation of the doctrine of error without injury; the theory of appellee necessarily being, that there was no evidence upon which the jury might have based an impeachment or falsification, in whole or in part, of the account or accounts thus presented to Rice & Wilson, and not objected to by them. That theory, as we have seen, is unsound—there was such evidence; the charge erroneously took its consideration away from the jury, by making a fact conclusive, which was only *prima facie*, evidence of correctness; and we can not see that it operated no detriment to the defendant.

The paragraph in which is found that part of the general charge quoted above, contained also the following: " and it would be strange, if there should have been errors in the accounts of Schloss & Kahn against Rice & Wilson, and if they were in fact received monthly, that the latter should have

kept on buying goods and trading with them, if they did do so." . Both of these clauses are set out together in the bill of exceptions; and the exception is "to each and every part of the charge of the presiding judge, which is set out herein-above." This is a mere general exception to the whole paragraph, and if any separable part of it states a correct proposition of law, proper to be given in charge, the exception will avail nothing.—*Mayberry v. Leech*, 58 Ala. 339 ; *Holland v. Barnes*, 53 Ala. 87. But we are of opinion, that no part of the charge was good. The first proposition was erroneous and injurious, as we have seen. The last part did not assert any proposition of law ; it was a mere argument to the jury, and not proper to be given them as an instruction on the law applicable to the facts. The charge, therefore, in every part was bad, and taken as a whole worked injury to the defendant.

As a reversal must result from the view we have taken above, only such of the other exceptions reserved as involve matters which will probably arise on a re-trial of the case will be considered.

The fact that an account is shown to have been a correct transcript from the books of the plaintiff, without more, will not authorize its introduction in evidence. Its items must be proved, or it must be shown to have been rendered to the defendant, and kept without objection to its correctness, for such a length of time as to raise the presumption that objection would have been made if any ground therefor existed ; or it must be shown that the items have been gone over by plaintiff and defendant, and all errors eliminated, and all suggested corrections made, before it should be allowed to go to the jury.—*Hirschfelder v. Levy*, 69 Ala. 351. The witness Marks did not testify to the. correctness of the account, but only to its being a correct statement of the account as it appeared on the plaintiffs' books. Neither did he prove that the account had been delivered to defendant, and kept without objection, &c. But, as we understand his evidence, he did swear that he and defendant's book-keeper had "checked off" —that is, compared—the mutual accounts between their employers, eliminated errors therefrom, and that the account offered was the result of this comparison and elimination, and contained only items which had thus been considered and passed as correct. The court did not err in allowing it to go to the jury.

The relevancy of those items of the statement furnished by Marks to Englehardt, which represented dealings after the death of Rice, does not appear. There is no pretense disclosed in the record that this part of the statement tended in any way to throw light on former dealings, or supplied any evi-

dence of credits, which should have been, but were not, allowed on the statement of the dealings involved in the suit. Its exclusion was proper.

That part of the court's general charge, to which defendant's second exception is taken, was free from error of which the defendant can complain.

Of the charges given at the request of plaintiffs, only the 6th, to the effect "that the burden of proving any payments on the account sued on, or any set-offs, is on the defendant," is open to criticism. Its fault lies in the assumption, that the account is shown to have been a stated account, in which case only would the burden of proof as to payments rest on the defendant. Whether the account was stated or not, was a question for the jury, as it can not be affirmed that the evidence on this point was without conflict, and free from adverse inferences. If the account was not a stated, or uncontroverted account, it was, of course, on the plaintiff to show the balance due on it after allowing credit for all payments.

For a similar reason, the 3d charge asked by defendant was properly refused. It assumed that the account was an open one, in which case only was the burden, referred to in the charge, on plaintiffs. If a stated account, it was for the defendant to surcharge and falsify it, and furnish the evidence showing what items were proper and what improper charges; the theory with respect to a stated account being, that the defendant has *agreed to pay it as it stands.*

Charge No. 1, requested by defendant, is abstract and misleading. The witness Marks did not, as we understand the record, testify that there were discrepancies between the account sued on, and the statements rendered to Englehardt. His testimony was, that what appeared to be discrepancies, were not discrepancies in truth and in fact; but resulted simply from the off-setting of certain credits against certain debits. Had the charge been given, it would have tended to mislead the jury into the belief that real discrepancies existed.

The other charges requested by the defendant were of a class which has been frequently condemned by this court as being mere arguments to the jury.—*Snider v. Burks*, 84 Ala. 53; *Hussey v. State*, 86 Ala. 34; *Mobile Sav. Bank v. McDonnell*, 89 Ala. 434.

The judgment of the City Court is reversed, and the cause remanded.