# Southern Indemnity Assn. *v.* Ridgway.

### *Action on Insurance Policy.*

(Decided November 7, 1914.    Rehearing denied December 17, 1914.
67 South. 446.)

· 1. *Insurance; Accident; Action; Pleading.*—Where the action is on an accident policy, a complaint setting out that part of the policy sued on showing the consideration, and the promise of which a breach was alleged, .and averring generally that plaintiff complied with all the provisions of the contract, is sufficient; it not being necessary to set out all the conditions precedent to a recovery.

2. *Appeal and Error; ·Review; Presumption.*—Where the record does not affirmatively show that the court disposed of defendant's demurrers before entering a default judgment, it will be presumed on appeal that the demurrers were waived and no ruling thereon insisted upon.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Dock Ridgway against the Southern Indemnity Association on an insurance policy. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Affirmed.

The following is a copy of the complaint and demurrers: 1. Plaintiff claims of the defendant $3,000 as damages, for the breach of an agreement entered into by it, on, to wit, the 1st day of May, 1910, in substance as follows: "In consideration of the application for membership, which is a part of this contract, the payment of the membership fee before the delivery of this policy, and monthly dues without notice on or before the first day of each month, in advance, beginning with the month of June, 1910.

"Mr. Ridgway, age 57, by occupation a miner under grade B, class 3, and now residing at Drifton, state of Alabama, is hereby accepted as a member of this Asso-

ciation, and is entitled to benefits during the time this contract is maintained in continuous force and effect, under the following terms, subject to conditions on the back hereof.

"Accident. First. Thirty dollars per month or at that rate for any proportionate part of a month, should member receive personal bodily injuries while this policy is in force, of which there shall be visible signs effected solely through external, violent and accidental means, by reason of which and independent of any other cause he shall be immediately, wholly and continuously disabled so as to cause a total loss of time, and prevent him during such disability from attending to or performing any labor or business. The total period to be paid for during any one injury shall not exceed one year. Rate of indemnity shall in no case exceed three-fourths the average earnings or income of member."

And plaintiff alleges that he had complied with all the conditions and provisions of said agreement on his part, and that, on, to wit, the 4th day of April, 1911, he received personal bodily injuries while the said policy was in force, of which injuries there were visible signs, effected solely through external, violent, and accidental means, by reason of which, and independent of any other causes, he was immediately wholly and continuously disabled so as to cause a total loss of time, and prevent him during such disability from attending to or performing any labor or business. And said disability so continued for a period of one year from receiving said injuries.

And plaintiff alleges that, although he had complied with all the provisions of said contract on his part, as aforesaid, the defendant has failed to pay or cause to be paid to plaintiff the said amount so specified or

agreed to be paid in case of such accident, or any part thereof, to the damage of the plaintiff as aforesaid, hence this suit.

2. Plaintiff claims of the defendant $3,000 due on a policy whereby the defendant, on to wit, the 1st day of May, 1910, insured for the term of ten years, or so long as the plaintiff complied with the terms of payment on said policy, the plaintiff from injury from violent and accidental means by which he was totally disabled, and that, on, to wit, the 4th day of April, 1911, plaintiff was so injured by such violent accidental means, and was wholly and continuously disabled for a term of one year, so as to cause a total loss of time, and prevent him from attending to or performing any labor or business. And of this the defendant had notice. Said policy is the property of the plaintiff.

### DEMURRER.

(1) Said count fails to set out the policy of insurance sued on.

(2) Said count fails to set out the policy of insurance sued on or a substantial copy thereof.

(3) Said count purports to set out a portion of the policy sued on, but fails to set out the entire policy.

(4) Said count fails to allege that the policy sued on contained no other stipulations or conditions than those set forth in said count.

(5) There are no facts set forth in said count showing how or in what manner the plaintiff sustained the injuries complained of.

(6) There are no allegations in said count which show the facts constituting the external and violent means which caused the plaintiff's injuries.

(7) Said count states the mere conclusion of the pleader.

This defendant demurs to the second count of the complaint, and for grounds of demurrer interposes the same grounds, separately and severally, as hereinabove interposed to the first count of the complaint.

## JUDGMENT ENTRY.

Came the parties by their attorneys. Defendant files its demurrers to counts 1 and 2 of the complaint. Said demurrers being considered by the court, it is the opinion of the court that the same are not well taken and are overruled.

October 31, 1913. The defendant having appeared and demurred to complaint, and this being the day set for trial, and cause being reached in its order, and defendant not appearing by agent or counsel, but makes default, it is therefore considered and adjudged by the court that the plaintiff recover of the defendant the damages in this behalf expended; but, inasmuch as such damages are unknown to the court, let the plaintiff submit his proof, that the court may inquire of and assess the damages.

Came the plaintiff by attorney and submitted his proof upon the inquiry of damages in this case. And thereupon came a jury of good and lawful men, to wit, David M. Hester, and 11 others, who, having been impaneled and duly sworn, according to law, on their oaths do say they assess the plaintiff's damages at the sum of $360, David M. Hester, Foreman. And the same being considered by the court, it is ordered and adjudged that the plaintiff have and recover of the defendant the sum of $360, the damages assessed as aforesaid, together with the costs of this case, for which execution may issue.

22—190

[Southern Indemnity Assn. v. Ridgway.]

COLEMAN & COLEMAN, for appellant.

RAY & COONER, for appellee.

SAYRE, J.—(1) The argument, in substance, against count 1 of the complaint, is that, having set out a part of the policy of insurance sued on, the entire policy should have been set out in verbis, for, non constat, the part not appearing contained conditions precedent the performance of which by plaintiff should have been alleged. It was enough to set out the consideration and that part of the promise of which a breach was alleged along with the general averment that plaintiff had complied with all the provisions of the contract on his part, as did the count in this case.—*Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538. There is nothing to the contrary in *Pennsylvania Casualty Co. v. Perdue,* 164 Ala. 508, 51 South. 352. There was in that case no question about the performance by plaintiff of a condition precedent, though in substance the rule of *Brooklyn Life Ins. Co. v. Bledsoe* was repeated—unnecessarily perhaps. The question there at issue was whether the complaint showed a loss, or the happening of the event on which, within the terms and meaning of the policy, the liability of the insured could attach in any event, as of course it should have done. As to that, the complaint alleged only that defendant was "liable." This was held insufficient, the language of the opinion intending only that plaintiff should have alleged facts showing a liability according to the terms of the promise declared upon. In the case now before us for decision, the demurrer was properly overruled.

(2) But appellant, taking precaution against an adverse ruling here on its demurrer, further contends in the alternative that the record fails to show a ruling

in the court below on that point; that it was entitled to have its tendered issue of law decided; and that, so long as that issue remained undecided, the trial court could not without reversible error pass a judgment by default. That the court did in fact rule upon the demurrer is certain. Whether its ruling is shown by the record in such way as to admit of review in this court may be doubtful under previous decisions of this court. Appellant cites a line of cases on that subject tending, however, correctly, to the conclusion that recitals of the court's action on demurrer, such as appear in the transcript before us, are to be treated as mere memoranda by the clerk, not reviewable on appeal. Conceding for the argument only that the demurrer remained undisposed of, it must result that the recitals of the judgment entry purporting to show the ruling on demurrer be wholly eliminated in the consideration of the assignment of error now in hand. In further consequence, we must assume that the court below failed to act upon appellant's demurrer for the reason that it was not insisted upon, and so it must be held on appeal that the demurrer was waived, withdrawn, or abandoned The cases so hold.—*Walker v. Cuthbert*, 10 Ala. 213; *Hart v. Sharpton*, 124 Ala. 638, 27 South. 450; *Brandon v. Leeds tSate Bank*, 186 Ala 519, 65 South. 341.

There is no error in the record.

Affirmed.

MCCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., concur.