(112 So. 110)
## AMERICAN NAT. INS. CO. v. MOSS.
### (6 Div. 765.)

(Supreme Court of Alabama. March 24, 1927.)

1. Insurance ⬅️➡️440—Life insurance policy matures on insured's death within life of policy.

Fact which matures life insurance policy is death of insured within life of policy.

2. Insurance ⬅️➡️629(1)—Averment that sum claimed was due on policy held not objectionable, as not showing that insured died within life of policy (Code 1923, § 9531, form 12).

Averment of complaint in Code 1923, § 9531, form 12, that sum claimed was "due" on life insurance policy sued on, cast burden on plaintiff to show that insured's death occurred within life of policy, and hence was not objectionable, as not showing such fact.

3. Appeal and error ⬅️➡️699(3)—Error in giving or refusing charges as to liability on contract not in bill of exceptions cannot be considered.

Assignment of error in giving or refusing charges relating to appellant's liability on a contract of insurance, which appears to have been offered in evidence but is not set out in the bill of exceptions, cannot be considered.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action on a policy of life insurance by Eloise Moss against the American National Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

---

⬅️➡️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 72.

S. R. Hartley, of Birmingham, for appellant.

The complainant should have contained sufficient averment of facts to show the policy declared on was in full force and effect at the time of the death of the insured. National L. & A. Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45; National L. & A. Ins. Co. v. Hannon, 212 Ala. 184, 101 So. 892. It is error for the court to leave a question for the jury in respect of which there is no evidence. Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Tobler v. Pioneer Min. Co., 166 Ala. 482, 52 So. 86.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

Where there was evidence before the trial court not before the appellate court, the rulings of the trial court relating thereto cannot be reviewed. Sloss Co. v. Redd, 6 Ala. App. 405, 60 So. 468; Hunnicutt v. M. & O., 2 Ala. App. 436, 57 So. 73; Warble v. Sulzberger, 185 Ala. 603, 64 So. 361; Lamar v. King, 168 Ala. 285, 53 So. 279; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638. Complaints substantially following the Code form are sufficient. Code 1923, § 9531.

BROWN, J. The first count of the complaint is in the form prescribed by form 12, § 9531, of the Code of 1923, for suits on policies of life insurance, as revised and brought forward in the Code of 1923, and avers that the amount claimed is "due" on a policy whereby the defendant on, to wit, the 16th day of May, 1924, insured the life of W. H. Moss, who died on, to wit, the 18th day of June, 1924." The appellant insists that this count of the complaint is subject to the objection that it does not show that the death of Moss occurred within the life of the policy, citing as an authority to support this contention National Life & Accident Ins. Co. v. Hannon, 212 Ala. 184, 101 So. 892.

[1] In the case cited the contract declared on was not a straight life policy, but one insuring against loss of life resulting from bodily injury—an accident policy. The fact which matures a policy of life insurance is the death of the insured within the life of the policy. Supreme Com. of Knights of the Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am. Rep. 332; Weil v. Travelers' Ins. Co., 16 Ala. App. 641, 80 So. 348.

[2] The averment that the sum claimed was "due" on the policy carried the burden to the plaintiff of showing that the death of Moss occurred within the period covered by the policy, and the objection urged against this count of the complaint is not tenable. National Life & Accident Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45.

[3] The only assignment of error on the record is predicated on the action of the court in overruling the motion for a new trial, and the other questions argued relate to the giving and refusal of charges pertaining to the defendant's liability on the contract of insurance, which appears to have been offered in evidence, but is not set out in the bill of exceptions.

Under these circumstances we cannot determine whether or not the court properly dealt with the charges in question. Mooneyham v. Herring, 210 Ala. 168, 97 So. 638; Lamar v. King, 168 Ala. 285, 53 So. 279.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.