(116 So. 163)

**SOVEREIGN CAMP, W. O. W., v. HUBBARD.**
**(2 Div. 918.)**

Supreme Court of Alabama.   March 22, 1928.

Rehearing Denied April 12, 1928.

1. **Insurance** ⚖=629(1)—**Allegation in complaint on life policy that amount claimed was due thereon implies that policy was in force on insured's death (Code 1923, § 9531, form 12).**

In action on policy of life insurance, under Code 1923, § 9531, form 12, allegation that amount claimed was due on policy implies that policy was in force at death of insured.

2. **Appeal and error** ⚖=931(1)—**Presumption indulged in favor of court's findings on oral testimony applies to special as well as general findings (Code 1923, § 9500).**

Special findings of fact by trial judge under Code 1923, § 9500, while they do not prevent a review of a decision on the facts, are within presumption indulged in favor of court's findings on oral testimony given by witnesses in his presence, which rule applies alike to general and special findings.

3. **Insurance** ⚖=665(3)—**Evidence held to sustain findings that recovery on life policy was not barred by misrepresentations as to insured's health (Code 1923, § 9531, form 12).**

In action on life policy under Code 1923, § 9531, form 12, findings that insured was not guilty of misrepresentations as to his health and treatment for previous disease *held* sustained by evidence.

Appeal from Circuit Court, Bibb County; Thomas E. Knight, Judge.

Action on a policy of life insurance by Sarah J. Hubbard against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

C. H. Roquemore, of Montgomery, for appellant.

Counsel discusses the questions raised and treated, but without citing authorities.

Jerome T. Fuller, of Centerville, for appellee.

In a case tried without jury, on oral testimony, the decision of the trial judge will not be reversed unless manifestly against the evidence. Jaques v. Horton, 76 Ala. 238; Bookmiller v. Jones, 216 Ala. 298, 113 So. 32; Perry v. Marbury Lbr. Co., 212 Ala. 542, 103 So. 585; Broxson v. Spears, 216 Ala. 385, 113 So. 248; Campbell v. Jefferson County, 216 Ala. 251, 113 So. 230.

BOULDIN, J.  Count 1 of the complaint, the only count on which the case was tried, was in Code form of complaint on a policy of life insurance.  Code of 1923, § 9531, form 12.  In this Code form the words "for the term of ——— years," appearing in the Code of 1907, § 5382, form 12, are omitted.  At the same time the statute (section 9531) declares such forms sufficient.  In a case to which the form applies, this statute makes it sufficient unless the procedure thus sanctioned deprives the party of due process of law, or is void on other constitutional grounds.  No such grounds are suggested in this case.

[1] The allegation that the amount claimed is "due on a policy, etc.," implies that the policy was in force at the death of the insured.  American Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110.

The cause was tried on pleas 2 to 11, setting up breaches of warranty or misrepresentations as to sound health and freedom from disease when the policy was issued, and as to treatment for disease within five years before that date.

[2] The trial judge heard the cause without a jury upon testimony of witnesses examined orally before him.  At the request of defendant he made a special finding of facts under Code 1923, § 9500.  While this does not prevent a review of his decision on the facts (Sheppard v. Scott's Chapel, 216 Ala. 193, 112 So. 905), it does not avoid the well-known presumption indulged in favor of his findings on oral testimony given by witnesses in his presence.  This rule is founded upon sound principle, applicable alike to general or special findings.

[3] The judge, with great care and at length, made a finding of fact upon all the issues presented in the cause.  The result was a conclusion that none of the pleas was sustained, and judgment went accordingly.  Upon consideration it is our opinion that such conclusion is fully supported by the evidence.  Both professional and nonprofessional witnesses support the view that when the policy was applied for and delivered the insured was in sound health, a strong, active, hard-working man, free from disease, and that his death was due to an acute disease developed after the policy was issued.  No further discussion of the evidence will be indulged.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes