163 So. 736

SOVEREIGN CAMP, W. O. W., v. BROWN-RIGG.

6 Div. 777.

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 7, 1935.

164

Rainey T. Wells, of Omaha, Neb., Wm. B. McCollough, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellant.

Etheridge & Smithson and Ross, Bumgardner, Ross & Ross, all of Bessemer, for appellee.

BROWN, Justice.

Indebitatus assumpsit, by appellee, a member of one of appellant's subordinate lodges, against appellant to recover "modified disability benefits" alleged to be the sum of $375.48, due to plaintiff under defendant's system of insurance provided for in its constitution and laws, and evidenced by certificate or policy No. 46794R, issued by the defendant to plaintiff on July 24, 1912.

The complaint as last amended consists of three counts, each averring, in substance and legal effect, that the defendant had engaged and promised to pay plaintiff said modified disability benefits, upon his attaining the age of seventy years, if physically disabled; that plaintiff became seventy years of age on April 23, 1933, and said sum is due "him from the defendant under his said certificate number 46794R, of which the defendant has had notice and has refused to pay."

The appellant insists that each count of the complaint "is bad, indefinite and uncertain because it does not set out or refer to any specific section or provision of the Constitution, Laws and By-laws, and the Court will not take judicial knowledge of the same."

Under the provisions of section 8452 of the Code 1923, the certificate, the charter or articles of incorporation, the constitution and laws of the society, the application for membership and medical examination signed by the applicant, and all amendments of the constitution and laws, not detrimental to the member or his status, or to which he may have expressly assented, constitute the contract between the parties. Beason v. Sovereign Camp, W. O. W., 208 Ala. 276, 94 So. 123.

It is permissible in pleading a contract to state its legal effect, and the averment that the sum claimed was "due" imports that the fact which matured the obligation to pay—plaintiff's attaining the age of seventy years, and his disability—occurred within the life of the contract. Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; American Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110; Sovereign Camp, W. O. W., v. Hubbard, 217 Ala. 431, 116 So. 163.

The court's ruling on the demurrer to the several counts is not subject to appellant's criticism. Nor was error committed in allowing the amendment to the complaint, after the argument and the charge of the court. As before stated, the several counts of the complaint were, in substance, the same, and there was evidence tending to support the count added by amendment. Code 1923, § 9513; Martin v. Howard, 193 Ala. 477, 68 So. 982; Fields v. Karter, 121 Ala. 329, 25 So. 800.

Special pleas 3, 4, 5, and 6, interposed by the defendant, set up a defense that the plaintiff had forfeited his right to the benefits claimed, in that he had failed to pay the dues and assessments for the month of May, 1933, on or before the 1st day of June, as required by section 63 of the by-laws of the society.

Special pleas 7 and 8, to state the substance of their averments, aver that plaintiff, on June 13, 1912, made application for membership in the defendant's organization, and for the issuance of the certificate of insurance to him, upon which the suit is based, representing in writing in said application that the date of his birth was April 23, 1864; that defendant relied on said representation and was led to issue said certificate with plaintiff's age stated therein as 48 years, and to allow the plaintiff a cheaper rate for said certificate and the maintenance thereof in force than would have been allowed him if his age had been stated as 49 years; and that all the payments made by plaintiff to maintain said insurance were at the lower rate, and defendant had no knowledge or notice that the date of plaintiff's birth and his age were otherwise than set out in said application until he made application for said modified benefits in April, 1933, and therefore the plaintiff is estopped to claim otherwise than is set out in his said application, in order to maintain his rights under said contract. These averments clearly characterize pleas 7 and 8 as pleas of

estoppel, precluding the plaintiff from showing that he was born in 1863, and not in 1864, although 1863 was the true date of his birth. Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; 21 C. J. 1247, § 258.

Special pleas 9 and 10 set up fraudulent warranties or representations as to plaintiff's age in procuring the issuance of the policy.

Issue was joined on the several special pleas without testing their sufficiency, and plaintiff undertook to meet the defenses set up therein by special replications 2 and 3.

■ There is an absence of affirmative averment in replication 2, that said application for reinstatement was accepted and plaintiff restored to membership by the defendant or its sovereign officers, with notice or knowledge of his previous suspension for nonpayment of dues and assessments. This replication sets out in hæc verba certain correspondence between plaintiff and defendant's officer of the Sovereign Camp and the financial secretary of the Local Camp. Conceding that this correspondence, in the light of the affirmative facts averred in the replication, warranted an inference that the officers of the Sovereign Camp, with knowledge of the fact that plaintiff had been suspended for nonpayment of dues and assessments, recognized plaintiff's right to said modified benefits, by treating the insurance as in force, nevertheless this would not render the replication sufficient as against the demurrer, as an answer to pleas 3, 4, 5, and 6. Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464; Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818.

■■ Replication 3 was sufficient as to pleas 3, 4, 5, and 6, but was insufficient and subject to the demurrers as to pleas 7 and 8. Taking the averments of said pleas as true, plaintiff had maintained his status as an insured member for more than twenty years, on the assertion that he was born on the 23d of April, 1864, and was forty-eight years of age when he joined the subordinate lodge, in consequence of which he had received protection by paying a less rate than he would have been required to pay if he had represented that he was born in 1863. Nothing short of averring that said representation was made innocently, and a tender of the balance due at

the higher rate and acceptance thereof, with knowledge, would answer the pleas of estoppel.

Our judgment, therefore, is that the court erred in overruling the defendant's demurrers to replications 2 and 3, and for this error the judgment must be reversed.

■ We are not in agreement with the defendant's contention that the provisions of section 63 of the defendant's by-laws, interpreted with the provisions of section 60, require the member to continue the payment of dues and assessments beyond the time his right to the benefits under the contract matured. As before stated, the fact that matured the contract and entitled the plaintiff to the modified benefits was his attaining the age of seventy years, and his disability, during the life of the contract, and if he maintained the contract in force by paying the dues and assessments for the month in which he reached his seventieth birthday he was not required to pay further if he then elected to surrender his certificate and accept the modified benefits.

We deem it unnecessary to treat the other questions argued as they may not arise on another trial.

For the error noted, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Rehearing.

BROWN, Justice.

Appellee insists that the defects in his replication 2, stated in the opinion, were not pointed out by specific grounds of demurrer, as required by the statute, section 9479 of the Code 1923. Grounds of demurrer 41, 42, 43, and 44 aptly raise the question, and the replication was also subject to the objection pointed out by grounds 15, 34, and 37.

Pleas 7 and 8 are not grounded on a forfeiture, but they assert, in the circumstances set forth therein, that the plaintiff is estopped to plead and prove what he now contends is the true date of his birth in order to mature his rights under the contract, as of April 12, 1933. Therefore, the authorities cited by appellee dealing

with forfeitures and the waiver thereof shed no light on the question.

Our judgment is that the application for rehearing is without merit, and should be overruled. It is so ordered.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.