191 So. 470

**SOVEREIGN CAMP, W. O. W., v. WIGGINS.**

**2 Div. 150.**

Supreme Court of Alabama.

Oct. 12, 1939.

W. J. Dansby, of Butler, and John S. Tilley, of Montgomery, for appellant.

D. M. Boswell, of Butler, for appellee.

defendant the sum of one Thousand dollars, which amount is due plaintiff under an instrument * * * in words and figures as follows;" setting out the contract in haec verba. The argument is that the averments do not show that insured's death has occurred, and makes no pretense of showing any performance by insured of his part of the contract; that it fails even to aver that the policy was in force and effect. It is a sufficient answer to this contention that the stated defects are not pointed out by specific ground of demurrer. Code 1923, § 9479.

■ Said count is not subject to the objection that it does not state a substantial cause of action. American Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110; The Sovereign Camp, W. O. W. v. Hubbard, 217 Ala. 431, 116 So. 163; Independent Life Ins. Co. v. Carroll, 219 Ala. 79, 121 So. 88; National Life & Accident Ins. Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886; Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 390, 153 So. 759; Sovereign Camp, W. O. W. v. Brownrigg, 231 Ala. 162, 167, 163 So. 786. The demurrer to said count was properly overruled.

Count two, added by amendment, adopts all of count one, and alleges further: "That the said Walter L. Wiggins, the insured herein, named departed this life on or about the ――― day of December 1935, at which time, he the said Walter L. Wiggins was fully insured, under the said contract herein referred to, having met all requirements made under and by virtue of said Benefit Certificate which was issued by defendant and in favor of the plaintiff, and the said Walter L. Wiggins was in good standing as a member of said Fraternal order, having paid all monthly payments as they severally became due, up to the date of his said death." [Italics supplied.]

The demurrer to said count, which was overruled, takes the point and, it is now argued that the italicized averments above, are the mere conclusion of the pleader.

■ It must be conceded that the averment that said Wiggins "was fully insured under the said contract," is a conclusion of the pleader; the further averment that said Wiggins "had met all requirements made under and by virtue of said benefit certificate," is nothing more or less, in substance, than an averment of fact that he had complied with all the provisions of the contract on his part, and

**BROWN, Justice.**

This is an action of assumpsit by the appellee against appellant to recover money alleged to be due plaintiff under the stipulation of a "ten year term insurance certificate," insuring the life of plaintiff's husband, Walter L. Wiggins. The trial resulted in a verdict and judgment for the plaintiff, and from the judgment on the verdict of the jury the defendant appeals.

■ Along with the submission on the merits, the appellee submitted a motion to dismiss the appeal, grounding the motion on alleged defects in the bill of exceptions. Such defects, assuming that the motion is well grounded in fact, are not sufficient to require dismissal of the appeal. The appellant is entitled to maintain the appeal to review rulings adverse to it appearing on the record proper. The motion to dismiss is not well taken and is overruled.

■ In the first count of the complaint, as last amended, the "Plaintiff claims of

this much is permissible in pleading such contract. Southern Indemnity Ass'n v. Ridgway, 190 Ala. 334, 67 So. 446.

The demurrer to said count two was overruled without reversible error.

The averment in count three of the complaint that said Wiggins was "in good standing as a member of defendant's order, having paid all assessments due the defendant order," is not a mere conclusion of the pleader. It is a statement of the fact of good standing based on the payment of all assessments due from him.

The defendant's pleas, as originally filed, to which the demurrer was sustained, were subject to the common demurrable defect that they did not aver that the insured was "affected with a named disease." This defect was cured in pleas 2, 4 and 5, by amendment. Said pleas were each and all rested upon false representation by the insured as to his state of health *in the application for the issuance of the policy*. The application for the issuance of the policy, so far as is made to appear by the bill of exceptions—the only vehicle provided by the law for bringing the evidence before the court on appeal, in actions at law—was not offered in evidence and does not appear in the bill of exceptions. Code 1923, § 6432; Petty v. Dill, 53 Ala. 641.

Nor was the notation in the body of the bill of exceptions "The Clerk will here copy (1) Deposition of John T. Yates, material witness for the Defendant," sufficient to authorize the Clerk to incorporate the said application, attached as an exhibit to the deposition, in the bill of exceptions. Rice v. Schloss & Kahn, 90 Ala. 416, 7 So. 802.

The rule long since declared, and repeatedly re-affirmed, is: "Whenever it is intended to incorporate in a bill of Exceptions a paper *read or offered* to be read, it is indispensable to set out a copy in the bill of Exceptions before the same is sealed, or so to describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer." Looney v. Bush, Minor 413; Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87. [Italics supplied.]

It must appear from the bill of exceptions itself that the paper was offered, or was read in evidence, and the identification must be so complete that a succeeding officer cannot reasonably mistake what was offered or read as evidence. Kyle & Elliott v. Gadsden Land & Improvement Co., 96 Ala. 376, 11 So. 478; Tuskaloosa County v. Logan, 50 Ala. 503; Forrester v. McFry, 229 Ala. 324, 157 So. 68.

The bill of exceptions recites that: "Attorney for the defendant, at this point reads depositions of John T. Yates, * * * The Clerk will here copy (1) Deposition of John T. Yates, material witness for the defendant." Following the reading of the deposition of Yates and Cloyd, the bill further recites: "At this point Mr. Dansby read to the jury and called special attention to the following sections of the Constitution, Laws and by-Laws of the Sovereign Camp of the woodmen of the World," which were made exhibit to Yates' deposition, and which were set out, but no reference was made to the other exhibits.

In the light of these facts the clerk had no way of determining from the record that such paper was read or offered in evidence, and the gratuitous incorporation in the bill of exceptions of notations of pages of the record adds nothing to the bill of exceptions. The bill of exceptions, as it appears, in the record is all that the court can or will consider. Kyle & Elliott v. Gadsden Land & Improvement Co., supra; Pearce v. Clements, 73 Ala. 256.

In Rice v. Schloss & Kahn, supra, the documents were *made exhibits* to the bill of exceptions, and it was recited in the body of the bill, that "the defendant then offered to read in evidence to the jury the originals, of which said Exhibits 1, 2, 3, 4, 5, etc., are copies." Nevertheless the court observed: "And it may be conceded that, if nothing else appeared in regard to them, we could not treat them as having been before the jury."

Proof that the insured made false representations as to the condition of his health in the application for the issuance of the policy, was essential to the defenses pleaded in the defendant's special pleas as originally filed, and as amended, and in the absence of such proof the plaintiff's evidence made a prima facie case entitling her to the affirmative charge. Sovereign Camp W. O. W. v. Burrell, 204 Ala. 210, 85 So. 762.

The record, in the condition we find it, as above indicated, does not invite

consideration of the assignments of error predicated on rulings of the court on the demurrers to the special pleas, the rulings on demurrers to replication, the giving or refusal of special charges, exceptions to the court's oral charge, or on the motion for new trial. Such rulings, if error, were without injury. Law et al. v. Gulf States Steel Co., 229 Ala. 305, 156 So. 835; Terry Realty Co. v. Martin et al., 220 Ala. 282, 124 So. 901; Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.