191 So. 473
**SOVEREIGN CAMP, W. O. W., v. TURNER.**
**2 Div. 151.**

Supreme Court of Alabama.
Oct. 12, 1939.

W. J. Dansby, of Butler, and John S. Tilley, of Montgomery, for appellant.

D. M. Boswell, of Butler, for appellee.

BROWN, Justice.

The motion to dismiss the appeal is predicated, in part, on alleged defects in the bill of exceptions; such defects are not grounds for dismissing the appeal. Sovereign Camp, W. O. W., v. Wiggins, ante, p. 424, 191 So. 470.

The other grounds are either not supported by the record or they are not tenable. The motion is overruled.

The major insistences of appellant are that the court erred in refusing the general affirmative charge requested by it in writing, and in overruling its motion for a new trial.

The bill of exceptions does not purport to set out all of the evidence. In fact it appears on the face of the record that it does not set out all or substantially all of the evidence; therefore the court will not review the refusal of said charge, nor a motion for new trial predicated on the ground that the verdict is contrary to the weight of the evidence. Sandlin et al. v. Kennedy Stave & C. Co., 165 Ala. 577, 51 So. 622; City Cleaning Co. v. Birmingham Waterworks Co., 204 Ala. 51, 85 So. 291; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63; Hudson v. Bauer Grocery Co., 105 Ala. 200, 16 So. 693; Western Railway of Alabama v. Williamson, 114 Ala. 131, 145, 21 So. 827; Wadsworth v. Williams, 101 Ala. 264, 13 So. 755; Evansville, Paducah & Tennessee River Packet Co. v. Slater, 101 Ala. 245, 15 So. 241; 2 Alabama Digest, Appeal and Error, page 730, ☞928(3).

The evidence incorporated in the bill of exceptions does not support any one of the defendant's special pleas. Those rested upon false representation by the insured made in the application for the issuance of the policy can not be sustained in the absence in evidence of said application. It neither appears in the bill of exceptions nor does it appear that it was offered in evidence.

The pleas setting up non-delivery of the policy and non-payment of monthly dues were disproved by the undisputed evidence as it appears in the bill of exceptions.

So far as appears here the plaintiff was entitled to the affirmative charge. Sovereign Camp, W. O. W. v. Burrell, 204 Ala. 210, 85 So. 762.

In absence of evidence proving or tending to prove the material averments of one or more of defendant's special pleas, the rulings of the court on plaintiff's replications to such pleas, if error, are without injury. The rulings of the court in respect to matters of evidence, as they appear in the bill of exceptions, and charges refused, were for the reasons above stated innocuous. Sovereign Camp, W. O. W. v. Nettie Wiggins, supra.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.