BEATTY, Justice.
These appeals arise from suits on account for the collection of amounts owed to the City of Huntsville for utility services. We reverse and remand.
The City of Huntsville provided utility services to the Kings Inn Motor Hotel from December 6, 1973 until February 10, 1977. The account was entitled “Blankenship— Locklear, Limited, d/b/a The Kings Inn Motor Hotel.” No such partnership existed; the Kings Inn Motor Hotel was owned by Parkway Properties, Inc. (Parkway) whose principal shareholder until July of 1976 was D. E. Locklear. Thereafter, a former officer under Locklear, appellant William Blankenship, was the principal owner. No effort was made by any party to change the account name and the utility bills were paid when due except for the three months in question, December 1976, January and February 1977.
A trial resulted in a non-jury judgment against Blankenship and Parkway in the amount of $13,911.24. Both Blankenship and Parkway made a motion for a new trial which was denied; they appealed to this Court on the following issues:
1) Whether the City of Huntsville failed to prove damages, the amount of the account or the reasonableness of the charges;
2) Whether the judgments against the appellants were erroneous because there was insufficient evidence to sustain them, or because they were contrary to the great weight of evidence; and
3) Whether there were reversible errors in any of the trial court’s evidentiary rulings.
In regard to the first issue, a material element of the City of Huntsville’s cause of action was the amount of damages it was seeking to recover. In a suit on account, the burden is on the plaintiff to prove the balance due. Rice v. Schloss, 90 Ala. 416, 7 So. 802 (1890).
During the trial, the City of Huntsville introduced into evidence the business records of Huntsville Utilities. These records were admitted into ev.dence when introduced but the Court later reversed its ruling on the admissibility of the records and excluded them from evidence. Thus, the records were not in evidence and could not be considered by the trial judge in making his decision.
The only testimony given at trial relating to the balance due was by Bill Allen, the Supervisor of Customer Accounts for Huntsville Utilities. He stated that no payment had been received on the account in question for December 1976, January 1977, or February 1977. He also stated that no payment had been received for the charges of $3,256.00 which were incurred prior to the establishment of the account. Thus, the City of Huntsville failed to introduce any evidence as to the amount that was due for the three months in issue.
This failure to prove a material element of the City of Huntsville’s cause of action requires that this case be reversed and remanded.
Our disposition of this cause on the foregoing grounds pretermits our discussion of the other two grounds raised.
REVERSED AND REMANDED.
All the Justices concur.