Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/23/2020 10:11 AM CDT

Robert Bohling, appellant, v.
Kimberly Bohling, appellee.

___ N.W.2d ___

Filed January 31, 2020.    No. S-19-225.

1. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

2. ____: ____. An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

3. **Appeal and Error.** Appellate review of a district court's use of inherent power is for an abuse of discretion.

4. **Evidence: Records: Appeal and Error.** A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.

5. **Records: Affidavits: Appeal and Error.** The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to an appellate court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by the appellate court.

6. **Judicial Notice: Records: Appeal and Error.** Papers requested to be judicially noticed must be marked, identified, and made a part of the bill of exceptions.

7. **Judicial Notice: Evidence.** Judicial notice of an adjudicative fact is a species of evidence.

8. **Summary Judgment: Proof.** A party moving for summary judgment makes a prima facie case for summary judgment by producing enough

evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial.

9. **Appeal and Error.** An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings.

Appeal from the District Court for Johnson County: RICKY A. SCHREINER, Judge. Reversed and remanded for further proceedings.

Angelo M. Ligouri, of Ligouri Law Office, for appellant.

Richard R. Smith for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

CASSEL, J.

## INTRODUCTION

After a will contest was transferred from the county court to the district court, the proponent sought and obtained a summary judgment determining that the decedent's will was valid. The contestant appeals. Because the bill of exceptions does not contain the proponent's evidence, only the contestant's evidence is properly before us. Obviously, with literally no evidence to support it, the summary judgment for the proponent must be reversed. And because the matter is likely to recur upon remand, we briefly address Neb. Ct. R. § 6-1526 (rev. 2018), "Summary Judgment Procedure."

## BACKGROUND

### WILL CONTEST

Willis Bohling died in March 2018. Kimberly Bohling, Willis' daughter, filed an application for informal probate in county court. In response, Willis' son, Robert Bohling, filed an objection to the application for informal probate and a formal petition for adjudication of intestacy, determination of heirs, and appointment of a special administrator. Two days after the

county court entered an order noting Robert's objection, Robert filed a notice of transfer to district court.[1] Kimberly filed additional pleadings in the county court, and shortly thereafter, the county court clerk certified the will contest proceeding to the district court. Kimberly then moved for summary judgment.

## Motion for Summary Judgment

Under § 6-1526(A), at the time Kimberly filed her motion for summary judgment, she was required to simultaneously file an evidence index and an annotated statement of undisputed facts. She did not do so. Instead, she attached to her motion her own affidavit and an affidavit of the attorney who prepared the will.

Nineteen days later, in an apparent attempt to comply with § 6-1526(B), Robert filed an "Annotated Statement of Disputed Facts" and an "Evidence Index in Opposition." He also filed five affidavits, which were itemized in his evidence index. Later that day, Kimberly filed a brief addressing the merits of her motion for summary judgment. A few days later, Robert filed an opposing brief.

At the hearing on Kimberly's summary judgment motion, Kimberly requested the district court to take judicial notice of Willis' will. Specifically, Kimberly's counsel stated: "[T]he will itself, . . . I would like to offer that for the purpose of this hearing or have the Court take judicial notice of it. It should have been filed with the Petition for Informal Probate." After the court inquired whether Kimberly was requesting the court to take judicial notice and her counsel responded affirmatively, the court stated: "So noted." But the will was not marked or received as an exhibit, and its content does not otherwise appear in the bill of exceptions.

Kimberly's counsel then stated that Kimberly would also "offer the affidavits that we have previously submitted with our Motion for Summary Judgment. I don't believe those have

---

[1] See Neb. Rev. Stat. § 30-2429.01 (Cum. Supp. 2018).

been separately marked, but they are required to be submitted to the Court and I'm asking the Court to consider those." He added: "They would have been attached to the Motion for Summary Judgment." In response, the court stated: "There is an affidavit attached to the original Motion for Summary Judgment. It looks like it was filed January 4th of 2019. I will review those and consider those as well." But the affidavits were not marked as exhibits and do not appear in the bill of exceptions. Kimberly's counsel then stated: "I think that's the extent of my evidence, Your Honor."

Robert offered and the court received exhibits 1 through 7 into evidence, which consisted of an affidavit from Robert, an affidavit from Willis' girlfriend, three affidavits from friends of Willis, the objection to the petition for informal probate, and, in a single document, the objection to the motion for summary judgment and the annotated statement of disputed facts. These exhibits appear in the bill of exceptions.

Robert then objected to any evidence presented by Kimberly, based upon her failure to submit an evidence index or an annotated statement of undisputed facts "pursuant to [§] 6-1526." He argued that the failure to comply with § 6-1526 must constitute grounds to deny the motion. Kimberly acknowledged that she did not comply with the rule. She argued that denial of the motion was inappropriate, because Robert was not prejudiced by her failure when her motion contained the evidence to be presented and her brief contained a statement of facts with annotations to the evidence.

The district court overruled Robert's objection. The court stated:

> You are prepared for a Motion for Summary Judgment this morning. I'm going to overrule that [objection]. I'm going to take [Kimberly's counsel's] affidavits, receive those and those attachments to his motion. . . .
>
> [Robert's counsel], I do appreciate the statement of — of what exactly is in dispute here on your end of it and it makes it so much easier for the Court.

[Kimberly's counsel], I would appreciate next time — I try to run — I try to give counsel some leeway on these and let everybody try their case. I'm interested in trying things and getting things settled on the facts instead of strict compliance with the rules.

Despite the court's statements regarding receiving Kimberly's affidavits, they were not marked as exhibits and do not appear in the bill of exceptions. After hearing arguments, the court took the matter under advisement. On February 10, 2019, the court's summary judgment, styled as an order granting summary judgment, was entered. The summary judgment determined that Willis left a valid will.

Robert filed a timely appeal, which we moved to our docket.[2]

## ASSIGNMENTS OF ERROR

Robert assigns, condensed and restated, that the district court erred in granting the motion for summary judgment when (1) it failed to require Kimberly to present prima facie evidence in support of her motion; (2) Kimberly failed to file an evidence index and an annotated statement of undisputed facts with her motion, pursuant to § 6-1526; and (3) it found no dispute of material fact as to the ambiguity in Willis' will, testamentary capacity, and undue influence.

## STANDARD OF REVIEW

[1,2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.[3] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[3] *Williamson v. Bellevue Med. Ctr., ante* p. 312, 934 N.W.2d 186 (2019).

and that the moving party is entitled to judgment as a matter of law.[4]

[3] Appellate review of a district court's use of inherent power is for an abuse of discretion.[5]

## ANALYSIS

### Summary Judgment

A motion for summary judgment is to be granted "if the pleadings and *the evidence admitted at the hearing* show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] "The evidence that may be received on a motion for summary judgment includes depositions, answers to interrogatories, admissions, stipulations, and affidavits."[7]

But, here, our bill of exceptions contains only Robert's evidence. Kimberly's evidence does not appear in the bill.

[4,5] This court has stated on numerous occasions that a bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.[8] In 1959, we explained at length:

> "An affidavit used as evidence in the district court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. . . . The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If

---

[4] *Id.*

[5] *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018).

[6] Neb. Rev. Stat. § 25-1332(1) (Cum. Supp. 2018) (emphasis supplied).

[7] *Id.*

[8] See *Gomez v. Gomez*, 303 Neb. 539, 930 N.W.2d 515 (2019).

such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court. . . . A judgment of the district court brought to this court for review is supported by a presumption of correctness and the burden is upon the party complaining of the action of the former to show by the record that it is erroneous. It is presumed that an issue decided by the district court was correctly decided. The appellant, to prevail in such a situation, must present a record of the cause which establishes the contrary. . . .[9]

This requirement is not new. In 1934, we set forth as "the settled law of this state" the principle that "error must affirmatively appear of record and that affidavits and other written documents used as evidence on a hearing in the district court cannot be considered by the [S]upreme [C]ourt unless they are made a part of the record by being embodied in a bill of exceptions."[10] There, we cited numerous cases, dating back to a case from 1886.[11] The 1886 opinion, in turn, cited to many more cases, the earliest being from 1877.[12]

We have often recited the rule or variations thereof, but we have not explained its underlying rationale; at least, we have not done so recently. In 1963, we set forth one straightforward variation: "The bill of exceptions is the only vehicle for bringing evidence before the court on appeal."[13] To support that particular articulation, we cited an Alabama case.[14] In that case, the Alabama Supreme Court stated that "[t]he bill of

---

[9] *Peterson v. George*, 168 Neb. 571, 576-77, 96 N.W.2d 627, 631 (1959) (citations omitted).

[10] *Berg v. Griffiths*, 127 Neb. 501, 502, 256 N.W. 44, 45 (1934).

[11] See *McMurtry v. State*, 19 Neb. 147, 26 N.W. 915 (1886).

[12] See *Ray v. Mason*, 6 Neb. 101 (1877).

[13] *Everts v. School Dist. No. 16*, 175 Neb. 310, 315, 121 N.W.2d 487, 490 (1963).

[14] See *Sovereign Camp, W. O. W. v. Wiggins*, 238 Ala. 424, 191 So. 470 (1939).

exceptions, as it appears, in the record is all that the court can or will consider."[15] For that proposition, the Alabama Supreme Court relied upon *Pearce v. Clements*.[16] In *Pearce*, the Alabama Supreme Court began by stating that "[b]ills of exceptions are the mere *creatures of statute*, being entirely unknown to the common law . . . ."[17] It described its precedent of interpreting the strict procedures of a bill of exceptions and discussed the necessary production of evidence, stating:

> A record is something which is proved by its mere *production* and *inspection*, whether of the original or of a copy, and nothing can be construed to be a part of it, which does not appear, *on the face of it*, to be such, without the aid of oral evidence, explanatory of clerical errors which may have crept into such judicial proceedings, whether errors of omission or errors of commission.[18]

The *Pearce* court concluded that these principles applied with equal force to bills of exceptions, where the law has placed several exacting safeguards around the execution of a bill of exceptions. Likewise, a bill of exceptions in Nebraska is a creature of statute.[19] And it is one with ancient origins.[20] We have engaged in this extended discussion to explain why we adhere to the "settled law" and the statutory basis compelling our fidelity.

[6,7] Kimberly's request for judicial notice did not circumvent the necessity of presenting evidence in a bill of exceptions. Papers requested to be judicially noticed must be marked, identified, and made a part of the bill of exceptions.[21]

---

[15] *Id*. at 427, 191 So. at 472.

[16] *Pearce v. Clements*, 73 Ala. 256 (1882).

[17] *Id*. at 257 (emphasis in original).

[18] *Id*. at 258 (emphasis in original).

[19] See Neb. Rev. Stat. § 25-1140 (Reissue 2016).

[20] See 1877 Neb. Laws, § 2, p. 11.

[21] See *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017).

The will and Kimberly's affidavits were not included in the bill of exceptions; thus, they are not properly before us. But this should not be read to suggest that offering an exhibit is a proper occasion for the exercise of judicial notice. Judicial notice of an adjudicative fact is a species of evidence.[22] We do not read the colloquy between Kimberly's counsel and the court as a true request for judicial notice of an adjudicative fact, but, rather, as an unauthorized substitute for the proper method of making an evidentiary record.

Similarly, the presence of the proffered will and Kimberly's proposed affidavits in the transcript does not bring them before us as evidence. As we recited above, the fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court.[23]

[8] So, on appeal, we confront a bill of exceptions that contains only Robert's evidence. But the absence of Kimberly's evidence is not attributable to any fault on Robert's part. Kimberly failed to have her exhibits properly marked and received. And the district court acquiesced in the improper procedure. A party moving for summary judgment makes a prima facie case for summary judgment by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial.[24] Because Kimberly was the moving party, she bore the burden to prove a prima facie case. And because Kimberly did not produce her evidence in a manner so as to be included in a bill of exceptions, she effectively failed to make a prima facie case. Accordingly, the

---

[22] *Id.*

[23] *Peterson v. George, supra* note 9.

[24] *Kaiser v. Union Pacific RR. Co.*, 303 Neb. 193, 927 N.W.2d 808 (2019).

summary judgment must be reversed and the cause must be remanded for further proceedings.

## § 6-1526

[9] Robert argues that because Kimberly failed to file an evidence index and an annotated statement of undisputed facts, her motion for summary judgment should have been denied for failure to comply with § 6-1526. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings.[25] Although it is not necessary to the disposition of this appeal, we discuss § 6-1526 because it is likely to recur upon remand.

The rule was prompted by legislative action. In 2017, the Legislature amended the summary judgment statutes to "require[] a party to provide citations to the record to support its assertion that a fact cannot be or is genuinely disputed."[26] It did so by amending § 25-1332. In response, we adopted § 6-1526 in 2018. This rule provides specific procedures to carry out the purpose of the statutory amendment.

In order to accomplish the legislative goal of judicial economy, § 6-1526 was crafted for three reasons. First, it benefits parties by making the parties' respective claims as to undisputed or disputed facts clear and precise. Second, it serves both trial and appellate courts by exposing the precise claims of the parties. The parties' briefs are not an effective substitute for an evidence index and an annotated statement of undisputed or disputed facts. A judge should not have to scour through a party's brief to identify factual claims that are intermixed with legal arguments. Third, it was adopted to focus the parties and the court on the specific factual contentions.

---

[25] *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

[26] *Ecker v. E & A Consulting Group*, 302 Neb. 578, 583, 924 N.W.2d 671, 676 (2019). See, also, 2017 Neb. Laws, L.B. 204.

Trial courts should have some discretion to adapt procedures to the needs of a particular case, and an appellate court will not intervene except where the discretion is abused. But trial courts should not condone a party's failure to follow § 6-1526 merely because the party finds it inconvenient or unfamiliar. There is a systemic value to the prompt and inexpensive resolution of disputes. Section 6-1526 should not be lightly ignored. We encourage district courts to set deadlines in compliance with the rule and require parties to submit necessary materials.

## CONCLUSION

For the reasons set forth above, we reverse the judgment of the district court and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.