Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/13/2021 08:12 AM CDT

Kathryn Ann Tierney, appellee, v.
Lawrence William Tierney, appellant.

___ N.W.2d ___

Filed May 21, 2021.    No. S-20-731.

1. **Divorce: Child Custody: Child Support: Property Division: Alimony: Attorney Fees: Appeal and Error.** In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees.

2. **Evidence: Appeal and Error.** In a review de novo on the record, an appellate court is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue.

3. **Judges: Words and Phrases.** A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

4. **Actions: Appeal and Error.** Law of the case is a procedural doctrine that bars reconsideration of the same or similar issues at successive stages of the same suit or prosecution. The doctrine reflects the principle that to promote finality and to protect parties' settled expectations, an issue litigated and terminally decided in one stage of a case should not be later resuscitated at a later stage.

5. **Appeal and Error.** Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it for review become the law of the case. Thereafter, unless the facts presented on remand are shown by the petitioner to be materially and substantially different, the appellate court's holdings conclusively settle all matters ruled upon, either expressly or by necessary implication.

6. **Administrative Law: Jurisdiction: Claims.** The primary jurisdiction doctrine applies whenever enforcement of a claim, originally cognizable

in the courts, requires the resolution of issues that have been placed within the special competence of an administrative body in accordance with the purposes of a regulatory scheme.

7. **Divorce: Property Division.** A district court in a divorce case is authorized to reasonably and equitably divide a marital estate.

8. **Trial: Waiver: Appeal and Error.** Failure to raise an issue at the trial court level waives that issue on appeal.

Appeal from the District Court for Custer County: Karin L. Noakes, Judge. Affirmed.

Marsha E. Fangmeyer for appellant.

John B. McDermott and Mark Porto, of Wolf, McDermott, Depue, Sabott, Butz & Porto, L.L.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

A decree dissolving the marriage of Kathryn Ann Tierney and Lawrence William Tierney was entered in October 2017. That decree also divided the marital property, including certain tracts of real property. Lawrence appealed. The Nebraska Court of Appeals modified the district court's decree in part, awarding to Lawrence certain parcels originally awarded to Kathryn, which Lawrence argued were needed to effectively run his cattle ranch.[1] In addition, the Court of Appeals awarded the marital home to Kathryn, despite the home's location on one of the tracts of land it had awarded to Lawrence.[2]

Kathryn then filed a motion to determine a metes and bounds description for the marital home. The district court granted that motion and awarded Kathryn a 5.24-acre parcel

---

[1] See *Tierney v. Tierney*, No. A-18-338, 2019 WL 2509047 (Neb. App. June 18, 2019) (selected for posting to court website).

[2] See *id.*

created from the original parcels of land. Lawrence appeals.
We affirm.

## BACKGOUND

Lawrence and Kathryn were married in June 1980 and had
two children, who have since reached the age of majority. The
parties separated in August 2015, and a decree dissolving their
marriage and dividing their marital property was entered in
October 2017.

Lawrence operated a ranch through Custer County Pasture
Co., Inc., a corporation jointly owned with Kathryn. As rel-
evant to this appeal, the marital estate consisted of mul-
tiple parcels of land, color-coded in the joint property state-
ment for purposes of identification: the 286.46-acre red tract,
which included the marital home and several outbuildings; the
159.49-acre pink tract; the 319.17-acre green tract; and the
orange tract. The size of the orange tract was disputed, but was
agreed to be between 250 and 303 acres. The parties valued
the marital home, along with 1 acre, at $105,000, but disputed
the value of all remaining tracts. No separate valuation was
done on the various outbuildings.

After a trial, the district court valued the real property at
$1,446 per acre, awarded the pink and red tracts (including
the marital home) to Kathryn, and awarded the green and
orange tracts to Lawrence. The court further ordered Lawrence
to equalize the estate by making an equalization payment of
$95,838 to Kathryn. The total value of the marital estate was
approximately $2.6 million.

Lawrence appealed on several grounds. As relevant here,
he took issue with the awarding of the red and pink tracts
to Kathryn, in particular arguing that "the red tract contains
facilities without which he would be 'unable to successfully
and economically continue' his operation."[3] The Court of
Appeals agreed as to those tracts and modified the decree to
award Kathryn the green tract while awarding Lawrence the

---

[3] *Id.* at *6.

red and pink tracts, noting that the latter "tracts are situated in the center of the tracts Lawrence uses to feed and pasture his livestock" and "contain the barn, other outbuildings, and equipment used in the [cattle] operation."[4] However, the Court of Appeals affirmed the award of the marital home to Kathryn.

Because the marital home was a part of the larger red tract now awarded to Lawrence, Kathryn motioned for a metes and bounds description for the home. Kathryn sought a minimum parcel of 5.24 acres, while Lawrence argued for a 1-acre tract.

The district court adopted Kathryn's proposed description and granted her motion, resulting in a legal description of the home on a 5.24-acre parcel. In awarding the 5-plus-acre parcel, the district court noted that it was following land-use regulations promulgated by Custer County, which required that outside of a subdivision, the minimum lot area for any single-family dwelling must be at least 5 acres.

Lawrence offered no alternative description as to either a 1-acre or 5-acre tract. He argued that the district court had violated the law-of-the-case doctrine. Lawrence reasoned that at trial, the parties had listed on the property statement the value of the home along with 1 acre of land. Because the Court of Appeals then awarded the house (and by extension, 1 acre) to Kathryn, the district court's granting of Kathryn's motion with a larger parcel of land was error. Lawrence asked the district court to award Kathryn the house and just 1 acre, regardless of whether such a description would violate local zoning restrictions regarding minimum lot size.

The district court rejected Lawrence's suggestion that it essentially impose its decision on the local zoning authorities, suggesting that to do so would potentially violate the doctrine of separation of powers. The court noted that it would not "deliberately divide a parcel of property in a manner contrary to the county zoning regulations." It further noted

---

[4] *Id.* at *4.

that Kathryn's proposed survey was "reasonable under the circumstances," observing that Kathryn's proposal was the "only evidence the Court has available to adequately divide the property."

Lawrence now appeals the district court's granting of Kathryn's motion seeking a metes and bounds description.

## ASSIGNMENTS OF ERROR

Lawrence assigns, renumbered, that the district court erred in (1) failing to follow the law-of-the-case doctrine, (2) determining it had the authority to create a new parcel of land with a metes and bounds description without any input or decision from local zoning authorities, (3) awarding Kathryn a 5.24-acre tract of land rather than a 1-acre tract of land to accompany the marital home, (4) failing to account for the increased value of the 5.24-acre tract of land, and (5) overruling Lawrence's motion for new trial or to alter or amend the decree.

## STANDARD OF REVIEW

[1-3] In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge.[5] This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees.[6] In a review de novo on the record, an appellate court is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue.[7] A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[8]

---

[5] *Higgins v. Currier*, 307 Neb. 748, 950 N.W.2d 631 (2020).

[6] *Id*.

[7] *Id*.

[8] *Id*.

## ANALYSIS

In his first assignment of error, Lawrence argues that the district court violated the law-of-the-case doctrine when it awarded Kathryn a 5.24-acre tract of land rather than a 1-acre tract of land.

[4,5] Law of the case is a procedural doctrine that bars reconsideration of the same or similar issues at successive stages of the same suit or prosecution.[9] The doctrine reflects the principle that to promote finality and to protect parties' settled expectations, an issue litigated and terminally decided in one stage of a case should not be later resuscitated at a later stage.[10] Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it for review become the law of the case.[11] Thereafter, unless the facts presented on remand are shown by the petitioner to be materially and substantially different, the appellate court's holdings conclusively settle all matters ruled upon, either expressly or by necessary implication.[12]

Lawrence argues that the Court of Appeals awarded Kathryn the marital home, and "[a]lthough not specifically addressed, it is clear that the parties and the trial court referred to, and valued, the house as being on one acre."[13] As such, according to Lawrence:

> The law-of-the-case doctrine prohibits Kathryn from relitigating the ownership of the outbuildings, including the garage, shop, shed, bunkhouse, barn and creamery after this issue has been conclusively decided by the appellate court. It further prevents her, absent materially and substantially different facts, from arguing for the first time

---

[9] *Gonzales v. Nebraska Pediatric Practice*, 308 Neb. 571, 955 N.W.2d 696 (2021).

[10] *Id.*

[11] *Id*.

[12] *Id.*

[13] Brief for appellant at 14.

after the mandate, that the house should be awarded on a 5.24 acre tract of land including many outbuildings.[14]

On direct appeal from the district court's decree, the Court of Appeals considered whether the district court erred in awarding the red and pink tracts to Kathryn. The Court of Appeals agreed with Lawrence that those tracts were necessary to the running of the cattle ranch and should have been awarded to him. As such, it modified the decree to award the pink and red tracts to Lawrence and the green tract to Kathryn.

While the Court of Appeals' conclusion with respect to the ownership of the pink, red, and green tracts is properly characterized as the law of the case, such is not so with respect to the size of the tract accompanying the marital home. Throughout these proceedings, the parties contemplated that the marital home would be awarded along with the remainder of the red tract and not separately from that tract.

The parties did not argue and could not have reasonably anticipated that the Court of Appeals would award the marital home separately from the remainder of the red tract. Moreover, the Court of Appeals' opinion was silent on the number of acres that accompanied the home. The number of acres for the tract of land including the marital home was not litigated and terminally decided by the Court of Appeals, thus the law-of-the-case doctrine is inapplicable. The district court did not violate that doctrine when it awarded Kathryn the 5.24 acres she sought rather than the 1 acre suggested by Lawrence. Lawrence's first assignment of error is without merit.

### Failure to Work With Zoning Authorities and Exhaust Administrative Remedies

In his second assignment of error, Lawrence argues that the district court erred (1) in ordering a metes and bounds description without working with local zoning authorities by virtue of the doctrine of primary jurisdiction and (2) in not requiring Kathryn to exhaust her administrative remedies.

---

[14] *Id.*

[6] The primary jurisdiction doctrine applies whenever enforcement of a claim, originally cognizable in the courts, requires the resolution of issues that have been placed within the special competence of an administrative body in accordance with the purposes of a regulatory scheme.[15] Lawrence contends that since the administration of zoning regulations, including variances, has been placed with county zoning boards, the district court lacks jurisdiction here.

The question presented in this case is not whether the marital home should receive a variance from portions of the Custer County zoning regulations; indeed, no one in this case has sought a variance from the relevant zoning regulations. Rather, the district court was asked to determine an appropriate legal description for the marital home in the context of the parties' divorce.

[7] A district court in a divorce case is authorized to reasonably and equitably divide a marital estate.[16] On the other hand, we have found no procedure in law or any other authority for the proposition that a zoning regulator is vested with the authority to determine a legal description of property in the context of a divorce action.

Not only are we not presented with an administrative action best determined by an administrative body, we note, as argued by Kathryn on appeal, that seeking a variance from local zoning authorities without a legal description as a starting point could prove difficult as those regulations suggest that the regulator should know the legal description of the land for which a variance is sought in advance of granting that variance.

For example, section 501.07 of the Custer County zoning regulations provides the authority for the minimum lot size, but notes in subsection 3 that "[a]n exception to the 5 acre minimum requirement may be made in cases involving a pre existing lot, residential site or farmstead that is smaller than 5 acres,

---

[15] *Koch v. Aupperle*, 274 Neb. 52, 737 N.W.2d 869 (2007).

[16] See Neb. Rev. Stat. § 42-365 (Reissue 2016).

provided all other zoning, health and safety provisions can be met." In this case, the zoning regulator's ability to make determinations regarding "zoning, health and safety provisions" without a legal description could be compromised.

There is no merit to Lawrence's second assignment of error.

## AWARD OF 5.24-ACRE TRACT

In his third assignment of error, Lawrence contends that the district court erred in awarding Kathryn a 5.24-acre tract of land. We concluded above that the district court did not violate the law-of-the-case doctrine and did not err in failing to consult with the local zoning authorities. We find no other error in the district court's legal description.

In the present case, Kathryn filed a motion to seek a metes and bounds description. Kathryn's suggested description was attached to that motion, and she expressly noted that her proposed plat would leave Lawrence with ownership of his corrals and barn, and that she would provide Lawrence with all necessary easements.

A hearing was held on Kathryn's motion. It was clear from the record that the district court would not divide the red tract in a way that would violate the Custer County zoning regulations, and it was clear at the hearing that the parties were aware those zoning regulations mandated a minimum of 5 acres for a residential plot in an agricultural district. The district court thereafter entered a description in conformity with the one suggested by Kathryn, specifically noting that "[t]he survey submitted by [Kathryn] is the only evidence the Court has available to adequately divide the property."

Lawrence then filed a generalized motion for a new trial or to alter or amend the judgment. Again, Lawrence did not argue that a description different than that suggested by Kathryn and adopted by the district court would be more appropriate.

On these facts, we find no error in the district court's order granting Kathryn's motion and adopting her suggested legal description for a 5.24-acre tract of land. Despite an opportunity

to do so, Lawrence offered no alternative to Kathryn's proposed description. There is no merit to Lawrence's assignment of error.

### CHANGE IN VALUATION

Finally, Lawrence argues that the district court erred in failing to account for any change in value as a result of Kathryn's award of the house with 5.24 acres rather than the house with 1 acre as valued at trial. Lawrence suggests that Kathryn's attorney specifically asked the district court "not to address the issue of valuation difference" and that "[t]he district court did not ask Lawrence if he would like the valuation difference addressed [or] address the valuation difference at all."[17] We also reject this assertion.

The record shows that at the hearing on the motion for a metes and bounds description, the court specifically sought to confirm that "neither of you are requesting that I adjust any valuation, which I don't think I could." Both counsel then agreed they were not seeking any adjustment.

[8] Because Lawrence did not seek to have the valuation adjusted and did not present any evidence on that point at the trial court level, he has waived any objection he might have had to the court's failure to do so.[18] His final assignment of error is without merit.

### CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

---

[17] Brief for appellant at 27.
[18] See *Adair Holdings v. Johnson*, 304 Neb. 720, 936 N.W.2d 517 (2020).