IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

YOUNG V. MILLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JAMA R. YOUNG, APPELLEE,

V.

COREY R. MILLER, APPELLANT.

Filed July 22, 2025.    No. A-24-859.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Corey R. Miller, pro se.

Jeanelle S. Kleveland, of Kleveland Law Office, for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Corey R. Miller appeals from the order of the Lancaster County District Court affirming the ex parte renewal of Jama R. Young's domestic violence protection order against him. For the reasons stated herein, we affirm the order of the district court.

## BACKGROUND

On October 9, 2024, Young filed a petition and affidavit to renew her domestic abuse protection order against Miller. An ex parte renewal order was entered by the district court the same day. Our record does not indicate when the initial protection order was entered; however, this renewal was not the first extension of the protection order.

Miller and his counsel separately filed requests for a hearing to show cause for why the protection order should not be renewed. Miller's request stated he was contesting the renewal "on

- 1 -

multiple grounds"; Miller's counsel requested a hearing because the request for renewal was untimely made pursuant to statute. The court granted the request for a hearing.

At the hearing, the court had Young's petition and affidavit marked as an exhibit and it was received without objection. Young confirmed she had no further evidence to offer. Miller's attorney requested the court to take judicial notice of its order entered on September 28, 2023, the request for renewal that was filed that same date, and the current request for renewal filed on October 9, 2024. The court agreed to do so, while also noting that the last pleading was Young's petition and affidavit that had just been received as an exhibit. The court inquired whether Young had "[a]ny comments" to which she responded she had a statement. Young proceeded to recite the reasons she was requesting a renewal of the protection order, but her statement was not made under oath. Upon completion of Young's statement, the court inquired whether Miller's counsel had any "comments" to which he responded "Yes." He proceeded to refute Young's statement through argument. The court engaged in further conversation with Young regarding the timing of her filing for renewal, but no sworn testimony was given during the hearing.

At the hearing, Miller's attorney argued that the request for a renewal was untimely pursuant to Neb. Rev. Stat. § 42-924(3)(b)(i) (Cum Supp. 2024) because that statute requires the request to renew be filed within 45 days prior to the expiration of the existing protection order and Young did not file within that time period. The court disagreed, noting that, "by the very terms of the [prior] order," it was "effective for one year from 10-21-2023," and Young had filed her petition for renewal on October 9, 2024.

Following the hearing, the district court entered an order affirming the ex parte renewal of the protection order. Miller appeals, arguing that the evidence was insufficient to affirm the renewal and that Young requested a renewal outside of the time frame prescribed by § 42-924(3)(b)(i).

ASSIGNMENTS OF ERROR

Miller assigns, restated, that (1) the district court erred because the evidence did not support the renewal, (2) he was denied due process of law under § 42-924(3)(b)(i) when renewal of the domestic abuse protection order was affirmed after the previous order had expired, and (3) the district court committed reversable error by affirming the renewal after the previous order had expired.

STANDARD OF REVIEW

A protection order pursuant to § 42-924 is analogous to an injunction. See *Garrison v. Otto*, 311 Neb. 94, 970 N.W.2d 495 (2022). The grant or denial of a protection order is reviewed de novo on the record. *Diedra T. v. Justina R*., 313 Neb. 417, 984 N.W.2d 312 (2023). In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Id*.

ANALYSIS

*Sufficiency of Evidence.*

Miller assigns that the evidence was insufficient to support the court's order granting renewal of Young's domestic violence protection order. We disagree.

Section 42-924 provides in part that any victim of domestic abuse may file a petition and affidavit for a protection order, and the petition shall state the events and dates or approximate dates of acts constituting the alleged domestic abuse, including the most recent and most severe incident or incidents. Section 42-924(3)(b) further provides that a victim of domestic abuse may file a petition and affidavit to renew a protection order.

The protection order may be renewed on the basis of the petitioner's affidavit stating that there has been no material change in relevant circumstances since the entry of the order and stating the reason for the requested renewal, if (a) the petitioner seeks no modification of the order, and (b) the respondent has been properly served and fails to appear at the hearing, or indicates that he or she does not contest the renewal. § 42-924(3)(b).

In *Garrison, supra*, the Nebraska Supreme Court recognized that § 42-924(3)(b) can be read to suggest that renewal is not automatic when the respondent contests the renewal. Rather, when an evidentiary hearing is held, the *Garrison* court explained that the purpose of that hearing is to receive evidence so that the court may reweigh the burdens the order will inflict against its benefits in light of all the relevant circumstances, including what has or has not changed since its issuance. A protection order, upon renewal, just as at its inception, is oriented toward the future with the goal to protect victims of domestic abuse from further harm. *Garrison, supra*.

A renewed protection order must be supported by the same statutory and equitable considerations as an original order. *Id*. But the statutory scheme does not suggest that a new act is a prerequisite for renewal of an existing domestic abuse protection order. *Id*. Rather, there must be no material change in relevant circumstances in order for the protection order to be extended. *Id*. Because a protection order upon renewal, just as at its inception, is oriented toward the future with the goal to protect victims of domestic abuse from future harm, the court at a hearing on a petition for renewal must reevaluate the likelihood of harm over the course of another year in which it would be in effect if the petition for renewal is granted. *Id*.

Here, the record discloses Miller requested the court take judicial notice of various documents, but that those documents were not marked or made a part of the bill of exceptions and thus we may not consider them as evidence. See *Bohling v. Bohling*, 304 Neb. 968, 937 N.W.2d 855 (2020) (appellant's request for judicial notice cannot circumvent necessity of presenting evidence through bill of exceptions when judicially noticed documents not marked, identified, and made part of bill of exceptions). See, also, *Timothy L. Ashford, PC LLO v. Roses*, 313 Neb. 302, 984 N.W.2d 596 (2023) (bill of exceptions is only vehicle for bringing evidence before appellate court; evidence not part of bill of exceptions may not be considered). Also, the bill of exceptions indicates that no evidence was adduced through the testimony of sworn witnesses, but that one exhibit was offered and received, Young's petition and affidavit for renewal.

In support of his assigned error, Miller asserts that the only evidence before the district court was Young's petition and affidavit, and that it alone is insufficient to support an order for renewal of a protection order. To the extent Miller's argument is that petitions and affidavits are generally insufficient to support an order for protection order renewal without additional evidence, we disagree.

In protection order proceedings, the contested factual hearing is a show cause hearing in which the fact issues before the court are whether the facts stated in the sworn application are true. See *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). A prima facie case may be

established by a form petition and affidavit for a protection order, and a petition and affidavit may be considered as evidence when offered and accepted at the trial as such. See *id*. Here, because the court offered and accepted Young's petition and affidavit into evidence, this document was evidence and could be independently sufficient to grant the protection order renewal.

However, we are unable to evaluate whether the petition and affidavit was sufficient evidence to support the renewal because of Miller's failure to request that the exhibits from the hearing be included in the bill of exceptions. In Miller's praecipe for bill of exceptions he requested "a copy of the Bill of Exceptions for case CI20-3824 hearing of show cause on 10-31-24 at 8:30 am." The court reporter interpreted this as a request for only the transcript of proceedings and indicated "(*No exhibits were requested in the Paecipe [sic] for Bill of Exceptions filed November 19, 2024*.)" (Emphasis in original.) Miller did not object to the court reporter's interpretation, nor did he seek leave to have the exhibits included.

Neb. Ct. R. App. P. § 2-105(B)(2)(b) states, "[t]he request [for a bill of exceptions] shall specifically identify each portion of the evidence and exhibits offered at any hearing which the party appealing believes material to issues to be presented to the appellate court for review." Here, because Miller did not specifically identify the exhibits to be included in the bill of exceptions, the exhibit received at the hearing, Young's petition and affidavit for renewal, is not an exhibit before us.

Section 2-105(B)(2)(b) also provides that "[i]f the appellant intends to urge on appeal, that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the bill of exceptions must include all evidence relevant to the finding or conclusion." See, also, *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017) (it is incumbent upon appellant to present record supporting errors assigned; absent such record, appellate court will affirm lower court's decision regarding those errors); *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996) (it is appellant's duty to include in bill of exceptions matters material to issues presented for review). An appellate court will typically affirm the lower court's decision when a record is deficient by fault of the appellant. See *Hynes v. Good Samaritan Hosp.*, 285 Neb. 985, 830 N.W.2d 499 (2013).

Here, although the record reflects that an exhibit was offered and received into evidence at the hearing, the exhibit itself has not been included in the bill of exceptions because the exhibits were not requested. Further, although Young's petition and affidavit is included in the transcript, our caselaw precludes us from treating an affidavit in the transcript as evidence. See *Bohling v. Bohling*, 304 Neb. 968, 937 N.W.2d 855 (2020) (existence or contents of affidavit in transcript cannot be considered by appellate court when not preserved in bill of exceptions).

It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Pierce v. Landmark Mgmt. Group*, 293 Neb. 890, 880 N.W.2d 885 (2016). Without the petition and affidavit before us, we are unable to conclude that it did not support the renewal of the protection order. We therefore reject Miller's claim that the evidence was insufficient to support the renewal of the protection order.

*Timeliness of Renewal Request.*

Miller also assigns that his due process rights were violated, and the court erred in granting the renewal, because Young filed for renewal after the expiration of the previous order. We reject his assigned error.

Section § 42-924(3)(b)(i) states that a "petition and affidavit for renewal shall be filed any time within forty-five days before the expiration of the previous protection order, including the date the order expires." Here, the record shows that Young filed for the current renewal on October 9, 2024, and that, although not evidence, her petition stated the previous order was entered on September 28, 2023. Accordingly, Miller argues Young filed for renewal after the previous order had expired. However, the bill of exceptions shows that the district court stated during the hearing that the previous renewal order was effective for 1 year from the date of October 21, 2023.

Although there is nothing in the record before us which supports the court's statement that Young's petition for renewal was timely, we note that, in interwoven and interdependent cases, we may examine our own records and take judicial notice of the proceedings and judgment in a former action involving one of the parties. See *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). Miller appealed from the previous renewal, and we summarily affirmed the district court's order. See *Young v. Miller*, (No. A-23-884, Apr. 3, 2024) (disposed of without opinion).

The record from the previous appeal contains the court's order entered September 28, 2023, which stated the renewed protection order would be "effective for one year from 10-21-2023." It further stated that this date is "one year from either: the first calendar day following the expiration of the previous order, or the day the court grants the renewal, whichever is later." Young's petition for renewal in that case alleged she was applying for a renewal of the initial protection order issued on October 20, 2020. Therefore, each subsequent renewal for a 1-year period would expire no earlier than October 20 of the subsequent year. Thus, Miller's remaining assignments of error fail because Young's request for renewal of the protection order was within the 45-day statutory time frame under § 42-924(3)(b)(i).

CONCLUSION

Having determined that the record does not support Miller's assigned error that the evidence was insufficient to renew the protection order against him, and that Young's filing for renewal was timely, we affirm the order of the district court renewing the protection order.

AFFIRMED.