Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/11/2023 08:04 AM CDT

Kara M. Allen, appellee, v.
Bradley J. Allen, appellant.
___ N.W.2d ___

Filed April 4, 2023.    No. A-22-389.

1. **Protection Orders: Appeal and Error.** The grant or denial of a protection order is reviewed de novo on the record.
2. ____: ____. In a de novo review of a protection order, an appellate court reaches conclusions independent of the factual findings of the trial court.
3. **Evidence: Appeal and Error.** Where credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.
4. **Protection Orders.** A protection order upon renewal, just as at its inception, is oriented toward the future with the goal to protect victims of domestic abuse from further harm.
5. ____. The renewal of a protection order shares the same fundamental characteristics of the original protection order.
6. ____. The court at a hearing on a petition for renewal of a protection order must reevaluate the likelihood of harm over the course of another year in which it would be in effect if the petition for renewal is granted.
7. ____. In determining if a contested renewal of the protection order is justified in light of the likelihood of future harm, the court considers all the surrounding circumstances, including the passage of time since the abuse that was found in relation to the original order and all the factors relating to its severity, nature, frequency, and impact.
8. ____. The court may consider, in determining whether to renew a protection order, whether any new domestic abuse has occurred during the period of the original protection order and its severity, nature, frequency, and impact.

9. ____. In determining the likelihood of future harm based on past domestic abuse, as well as on any abuse during the duration of the original protection order, the court may consider evidence of the relationship of the parties as demonstrated by their behavior both before and since the issuance of the original protection order and by their testimony at the hearing.

Appeal from the District Court for Sarpy County: George A. Thompson, Judge. Affirmed.

Renee L. Mathias, of Berry Law Firm, for appellant.

Matthew Stuart Higgins and Andrew T. Braun, of Higgins Law, for appellee.

Pirtle, Chief Judge, and Riedmann and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

Bradley J. Allen appeals the renewal of a domestic abuse protection order against him. He argues that the district court erred in "automatically" renewing the order without reevaluating the likelihood of harm over the course of another year and that it erred in renewing the protection order. Based on our de novo review, we find the district court did not err in renewing the domestic abuse protection order. We affirm.

## BACKGROUND

On March 31, 2020, Kara M. Allen was granted a 1-year ex parte domestic abuse protection order against her spouse, Bradley. In her petition and affidavit seeking the order, Kara stated that on March 24, she spoke with a lawyer about divorcing Bradley, whom she had discovered was "cheating" on her "again with the neighbor." Bradley called her "screaming and threatening to destroy [her]" and told her that he was "going to bury [her]" and that "no one was going to find" her body. On March 30, Kara discovered that Bradley had allowed their two children to play with the neighbor and

her children, even though Kara and Bradley had protection orders against the neighbor and her children. Kara told Bradley she did not want their children introduced into that environment and she wanted their children to see a therapist.

When Kara told Bradley she planned to get lawyers involved, he started to "rage" and made "jabbing actions" with a sharpened pencil, saying that he was going to kill her and destroy her and that "he was going to get nasty." Bradley restrained her from leaving by grabbing her arms and moving her back into the room, then he shut the door and stood in front of it. Kara was scared and felt the circumstances were "elevating"; she called her mother to pick up their children and then called the 911 emergency dispatch service. Kara's affidavit stated Bradley had acted out in rage and gotten physical multiple times throughout their marriage, called her vile names, and left bruises on her body from physically restraining her or "throwing [her] around." The district court for Sarpy County entered an ex parte domestic abuse protection order based upon the allegations of the affidavit, which order was to remain in effect for 1 year.

On March 26, 2021, Kara filed a petition and affidavit to renew the protection order. Kara stated she was seeking renewal at that time because Bradley's behavior and actions scared her and she was concerned about them escalating. She described the situation that occurred when she attended Bradley's sentencing for third degree assault, when Bradley "stared [her] down" and rolled his eyes at her. When the judge asked Kara a question, Bradley turned to her with his hands on his hips and his chest "puffed out" to intimidate her. The judge saw this and asked Bradley to turn around. Kara also stated that Bradley was staying at the house next door to her. He paced in front of the neighbor's front windows, peeked through the blinds that look out to the front of her house, made his presence known, and watched their activities.

Based upon the allegations of the affidavit, the court entered an ex parte order renewing the protection order for 1 year.

Bradley requested a show cause hearing at which Kara testified that she had seen Bradley peering through the windows, giving her what she considered to be threatening looks, and staring over at her backyard, and that on phone calls with their children, he stated that he knew what the children were doing outside in the front yard. Kara was still in fear of Bradley and asked that the protection order be renewed. The district court granted the renewal for 1 year.

On March 17, 2022, Kara again filed a petition and affidavit to renew the protection order. Kara stated she was seeking renewal as she still lived in fear for many reasons. She stated that Bradley was still on probation for violent criminal convictions where she was the victim, that he was awaiting sentencing for violating his probation by possessing firearms, and that through discovery, he knew she was the one who reported him for possessing firearms that led to his probation violation charge. She also stated that their divorce was still pending and was highly contentious due to Bradley's actions and behavior. Kara stated that she was in fear for her life and requested that the protection order be renewed. An ex parte domestic abuse protection order was granted. Bradley filed a request for a hearing.

At the hearing on the petition for renewal, both Kara and Bradley testified. It was clarified that Bradley was not awaiting sentencing for violating his probation; rather, he had been arrested for violating his probation but had not yet been found to have actually violated his probation. Kara also confirmed that due to Bradley's probation and their divorce, Bradley was not permitted to have contact with her and he had not had contact with her since January 2021. She also confirmed that Bradley is precluded from having firearms, but in the last year, his home was raided by police and a collection of firearms was found.

Bradley testified that he was still opposed to the protection order. Based upon the advice of counsel, he refused to

answer the only question posed to him by Kara's counsel, that being whether he has possessed firearms within the last year.

At the close of the hearing on the renewal of the protection order, the court stated that "[t]here is a question about renewals." It advised the parties that it was leaving the record open for receipt of closing arguments on the standard to be applied in protection order renewals, commenting:

> [T]here is a question when the legislature changed the statute. And even the judiciary doesn't understand the standard by which we would look at this. And if it appears that renewals are automatic, I think that's the way the legislature wrote it, but I think there's an argument to be made.
>
> So I would hold the record open for the receipt of any closing arguments that you would have. You're not required to do that. Um, just cite appropriate case law on it.

The district court affirmed the renewal of the protection order on April 21, 2022, using a preprinted form. Bradley appeals.

## ASSIGNMENTS OF ERROR

Bradley argues that the district court erred in automatically renewing the protection order without reevaluating the likelihood of harm over the course of another year if the petition for renewal was granted and that the district court erred in renewing the domestic abuse protection order.

## STANDARD OF REVIEW

[1-3] A protection order pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2022) is analogous to an injunction. *Garrison v. Otto*, 311 Neb. 94, 970 N.W.2d 495 (2022). Thus, the grant or denial of a protection order is reviewed de novo on the record. *Id*. In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Id*. However, where credible evidence is in conflict on a material issue of fact, the appellate court

considers, and may give weight to, the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

## ANALYSIS

Bradley assigns that the court erred in "automatically renewing the protection order without reevaluating the likelihood of harm." However, the order renewing the protection order does not indicate that the court entered it automatically without considering the likelihood of harm. The district court indicated on the record that it was its understanding that the Legislature intended renewals to be automatic, but it left the record open for the attorneys to submit closing arguments on the issue. Our record does not include any arguments submitted, nor does the preprinted form make specific factual findings. Rather, it finds that Kara has shown that Bradley attempted to cause or intentionally and knowingly caused bodily injury, or by means of a credible threat, placed her in fear of bodily injury; or engaged in sexual contact without consent. Notwithstanding, given our de novo review, we find no error in the court's order renewing the protection order.

Section 42-924 provides in part that any victim of domestic abuse may file a petition and affidavit for a protection order and that the petition shall state the events and dates or approximate dates of acts constituting the alleged domestic abuse, including the most recent and most severe incident or incidents. Section 42-924(3)(b) further provides that a victim of domestic abuse may file a petition and affidavit to renew a protection order, which shall be filed any time within 45 days before the expiration of the previous order. The protection order may be renewed on the basis of the petitioner's affidavit stating that there has been no material change in relevant circumstances since the entry of the order and stating the reason for the requested renewal, if (a) the petitioner seeks no modification of the order and (b) the respondent has been properly served and fails to appear at the hearing

or indicates that he or she does not contest the renewal. § 42-924.

[4] In *Garrison v. Otto*, 311 Neb. 94, 970 N.W.2d 495 (2022), the Nebraska Supreme Court recognized that § 42-924(3)(b) can be read to suggest that renewal is not automatic when the respondent contests the renewal. Rather, the *Garrison* court explained that when an evidentiary hearing is held, the purpose of that hearing is to receive evidence so that the court may reweigh the burdens the order will inflict against its benefits in light of all the relevant circumstances, including what has or has not changed since its issuance. *Id*. A protection order upon renewal, just as at its inception, is oriented toward the future with the goal to protect victims of domestic abuse from further harm. *Id*.

[5] In *Garrison*, the court observed that the renewal of a protection order shares the same fundamental characteristics of the original protection order. The renewed protection order must, therefore, be supported by the same statutory and equitable considerations as an original order. *Id*. Those considerations include, but are not limited to, the remoteness, severity, nature, and frequency of past abuse; past or pending credible threats of harm; the psychological impact of domestic abuse; the potential impact on the parent-child relationship; and the nuances of household relationships. *Id*. But the statutory scheme does not suggest that a new act of abuse is a prerequisite for renewal of an existing domestic abuse protection order. *Id*. Rather, there must be no material change in relevant circumstances in order for the protection order to be extended. See *id*.

[6-9] Because a protection order upon renewal, just as at its inception, is oriented toward the future with the goal to protect victims of domestic abuse from future harm, the court at a hearing on a petition for renewal must reevaluate the likelihood of harm over the course of another year in which it would be in effect if the petition for renewal is granted. *Garrison v. Otto, supra*. In determining if a contested

renewal of the protection order is justified in light of the like-lihood of future harm, the court considers all the surrounding circumstances, including the passage of time since the abuse that was found in relation to the original order and all the fac-tors relating to its severity, nature, frequency, and impact. *Id.* The court may consider, in determining whether to renew a protection order, whether any new domestic abuse has occurred during the period of the original protection order and its sever-ity, nature, frequency, and impact. *Id*. In determining the like-lihood of future harm based on past domestic abuse, as well as on any abuse during the duration of the original protection order, the court may consider evidence of the relationship of the parties as demonstrated by their behavior both before and since the issuance of the original protection order and by their testimony at the hearing. *Id*.

Given the nature of the form domestic abuse protection order renewal, we are unable to discern whether the district court determined that the likelihood of future harm supported a renewal of the protection order. If it failed to do so, this would be error, but this does not end our inquiry, because our review is de novo on the record. See *In re Interest of Amber G. et al*., 250 Neb. 973, 554 N.W.2d 142 (1996), *disapproved on other grounds*, *In re Interest of Lilly S. v. Vincent S*., 298 Neb. 306, 903 N.W.2d 651 (2017) (allowing appellate court in de novo review on record to make determination of sufficiency of record to support determination even in absence of findings by trial court). Based upon our review, we find the domestic abuse protection order was properly renewed.

Here, the original protection order was granted in March 2020, based on Kara's affidavit stating Bradley had told her that he would destroy her, that he would bury her, and that no one was going to find her body. She outlined specific acts that substantiated her claim that she was fearful for her life and safety. A year later, the protection order was renewed because Bradley was staying at a house next door to Kara, and she had seen him peeking through his home's blinds and making

his presence known, giving her threatening looks, staring over into her backyard, and telling their children that he knew what they were doing outside in the front yard. Bradley also attempted to intimidate her at his sentencing hearing, and the judge saw this and asked Bradley to turn around.

At the time of the most recent renewal, Kara asserted that there had been no material change in relevant circumstances since the original protection order was entered. The parties were still involved in a divorce that Kara stated in her affidavit was "highly contentious." Bradley had been arrested for possession of firearms, a violation of his probation, and although he declined to admit or deny that he possessed firearms, he knew Kara was the reporting party. Kara testified that Bradley was still on probation for his conviction of two misdemeanors in which she was the victim. She confirmed that she "still live[s] in fear."

Although there have been no further instances of domestic abuse, considering Bradley's actions that necessitated the original protection order, his behavior that supported its renewal in 2021, and the continued conflict between the parties due to Bradley's underlying criminal convictions and their divorce proceedings, we agree that the likelihood of future harm remains; therefore, it was proper for the court to renew the domestic abuse protection order.

## CONCLUSION

Following our de novo review in which we considered the likelihood of future harm, we affirm the renewal of the domestic abuse protection order for 1 year.

Affirmed.