IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KOCH V. KOCH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ANDELA S. KOCH ET AL., APPELLEES,

V.

ISAAC D. KOCH, APPELLANT.

Filed June 13, 2023.   No. A-22-940.

Appeal from the District Court for Platte County: DENISE J. KRACL, Judge. Affirmed.

Isaac D. Koch, pro se.

William J. Neiman for appellees.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Isaac D. Koch appeals the renewal of a domestic abuse protection order against him. He argues that the district court for Platte County erred in renewing the protection order without holding a hearing. Based on the reasons that follow, we affirm.

BACKGROUND

Isaac's spouse, Andela S. Koch, was originally issued an ex parte domestic abuse protection order for her and the parties' two minor children on December 12, 2020, followed by an order on December 21 affirming the domestic abuse protection order for one year. The protection order was renewed for another year on December 10, 2021.

On December 6, 2022, Andela filed a petition and affidavit to renew the December 2021 protection order. The court issued an ex parte renewal of the domestic abuse protection order on December 7. Isaac was served with the ex parte order on December 10. The ex parte order provided

that Isaac had 10 days to request a hearing. Our record contains no indication that a hearing was requested. Instead, Isaac filed a notice of appeal from the December 7 order on December 15.

ASSIGNMENTS OF ERROR

Isaac assigns that the district court erred in (1) entering the ex parte order without holding a hearing, (2) finding a fact not authorized by statute, and (3) "not requiring [him] to observe all laws now newly affecting firearm possession."

STANDARD OF REVIEW

A protection order pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2022) is analogous to an injunction. Thus, the grant or denial of a protection order is reviewed de novo on the record. *Garrison v. Otto*, 311 Neb. 94, 970 N.W.2d 495 (2022).

ANALYSIS

Isaac first assigns that the district court erred in entering the ex parte renewal order without holding a hearing. He argues that before the court could order that the terms of the order would be effective for one year, as it did, a hearing was necessary.

Under § 42-924(3), a protection order is generally effective for a period of 1 year, "unless dismissed or modified by the court prior to such date." But under § 42-924(3)(b), a victim of domestic abuse may file a petition and affidavit to renew a protection order, which shall be filed any time within 45 days before the expiration of the previous order. *Allen v. Allen*, 31 Neb. App. 728, 988 N.W.2d 223 (2023). The protection order may be renewed on the basis of the petitioner's affidavit stating that there has been no material change in relevant circumstances since the entry of the order and stating the reason for the requested renewal, if (a) the petitioner seeks no modification of the order and (b) the respondent has been properly served and fails to appear at the hearing or indicates that he or she does not contest the renewal. *Allen v. Allen, supra*.

Neb. Rev. Stat. § 42-925(1) (Cum. Supp. 2022) provides additional requirements for a domestic abuse protection order. It provides that an ex parte order is a temporary order, and the court must give notice of the petition and order to the respondent, as well as a form to request a show-cause hearing as to why the order should not remain in effect. Section 42-925(1) further provides that if the respondent wants to appear and show cause why the order should not remain in effect, he or she must return the form provided within 10 business days after being served. Additionally, § 42-925(2)(a) provides that if the respondent was properly served with the temporary ex parte order and failed to request a show cause hearing within 10 business days after being served, and no hearing was requested by the petitioner or upon the court's own motion, a temporary ex parte order will be affirmed and deemed the final protection order.

In the present case, the ex parte order informed Isaac that he could request a hearing and that he must do so within 10 business days after being served. Specifically, the ex parte order states:

> If the respondent wishes to appear and show cause why this order should not . . . be renewed for a period of one year, he or she shall affix his or her current address, telephone number, and signature on the Request for Hearing form provided and return it to the clerk of the district court within ten (10) business days after service upon him or her.

It further states under "Notice to Respondent:"

> If there has been an Ex Parte Protection Order served upon you and you wish to request a hearing to show cause why the order should not remain in effect, you must request a hearing on the provided "Request for Hearing" form. . . . You must return the form within ten (10) business days after you have been served. The court will schedule a hearing within thirty (30) days. . . .

The record shows that Isaac was served with the renewed ex parte protection order on December 10, 2022, which included the relevant information about requesting a hearing. There is nothing in the record to indicate that Isaac requested a hearing within 10 days after being served to show cause why the order should not remain in effect. Isaac could have requested a hearing and failed to do so. Further, Andela did not request a hearing nor did the court upon its own motion. The court was not required to hold a hearing where one was not requested. Accordingly, the temporary ex parte protection order became the final protection order, the terms of which were effective for one year. See § 42-925(2). Isaac's assignment of error fails.

Isaac next assigns that the district court found a fact not authorized by statute. He argues that the court adopted its own definition of "abuse" that varied from the definition found in Neb. Rev. Stat. § 42-903 (Reissue 2016). He does not specifically state what the difference in the definition was. He further states: "The lower court acted without statutory authority. That [he] committed any one cooperative act or uttered a single conciliatory word since the 2020 ex parte issuance, it is of no effect. 'Litigants cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent.'" Brief for appellant at 17 (citation omitted). It is hard to decipher what Isaac is arguing under this assignment of error, and his argument is not supported by any legal authority, other than propositions of law related to subject matter jurisdiction. Accordingly, this assignment of error fails.

Finally, Isaac assigns that the district court erred in "Not Requiring [him] to Observe All Laws Now Newly Affecting Firearm Possession." It is unclear what error he is asserting and what argument he is making. However, following the filing of his brief, he filed a "concession" in which he withdrew his final assignment of error. Therefore, we do not discuss it.

CONCLUSION

We conclude that the district court did not err in renewing the domestic abuse protection order for 1 year without a hearing. Accordingly, we affirm the order of the district court.

AFFIRMED.